J-S44015-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TRINA GORDON, | : | |
| | : | |
| Appellant | : | No. 3595 EDA 2017 |

Appeal from the PCRA Order October 5, 2017
In the Court of Common Pleas of Bucks County Criminal Division at
No(s):  CP-09-CR-0006550-2011

BEFORE:  LAZARUS, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:                          **FILED JULY 27, 2018**

Trina Gordon appeals, *pro se*, from the order, entered in the Court of Common Pleas of Bucks County, denying her petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Upon careful review, we affirm.

On January 10, 2013, following a jury trial, Gordon was convicted of numerous drug offenses related to her involvement in the large-scale "Black Widow" heroin distribution ring, which operated in six Pennsylvania counties, mostly in the southeastern region of the Commonwealth.  Gordon was originally sentenced to 20 to 40 years' incarceration, but her sentence was subsequently reduced to 15 to 30 years' imprisonment after the trial court granted her motion for reconsideration.

On direct appeal, this Court affirmed Gordon's conviction, but remanded for resentencing after concluding that she had been subject to an illegal

mandatory minimum sentence. **See Commonwealth v. Gordon**, 1365 EDA 2013 (Pa. Super. filed Aug. 14, 2014) (unpublished memorandum). On remand, the trial court again imposed a sentence of 15 to 30 years in prison. Gordon appealed again but, by agreed order dated May 4, 2015, she was determined to be an "eligible offender" under the Recidivism Risk Reduction Incentive ("RRRI") Act,[1] and the court imposed an RRRI minimum sentence of 150 months. Gordon subsequently withdrew her appeal on June 12, 2015.

On June 3, 2016, Gordon filed a *pro se* PCRA petition, followed by a supplemental petition docketed on July 18, 2016. By order dated January 12, 2017, the PCRA court appointed Daniel Schatz, Esquire, as PCRA counsel. After requesting and receiving two filing extensions, on April 28, 2018, Attorney Schatz filed a motion to withdraw accompanied by a "no merit" letter pursuant to **Turner**/**Finley**.[2] On May 22, 2017, the Commonwealth filed its response to Gordon's *pro se* petitions and requested they be dismissed. On September 13, 2017, the PCRA court issued a notice of intent to dismiss pursuant to Pa.R.Crim.P. 907. Gordon did not file a response and, on October 6, 2017, the court dismissed her petition and granted Attorney Schatz's motion to withdraw.

---

[1] 61 Pa.C.S.A. §§ 4501-4512.

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (en banc).

This timely appeal follows, in which Gordon raises the following issues, *verbatim*:

   1.   Whether [Gordon] is guilty, and whether the government's investigation became so grandiose as to be, and to require violations of due process?

   2.   Whether counsel was layered ineffective [*sic*]?

Brief of Appellant, at i.

Prior to addressing the merits of Gordon's claims, we must determine whether they are properly before this Court.   In her *pro se* PCRA petition and supplemental petition, Gordon raised the following claims:   (1) trial counsel's ineffectiveness for failing to challenge the composition of the jury; (2) appellate counsel's ineffectiveness for failing to challenge her sentences for possession with intent to deliver and conspiracy;   (3) trial counsel's ineffectiveness for failing to move for a change of venue; and (4) trial court error in failing to order a presentence report.   In his **Turner**/**Finley** "no merit" letter, PCRA counsel found all of Gordon's claims to be meritless.   Thereafter, Gordon did not file any response to the PCRA court's notice of intent to dismiss pursuant to Pa.R.Crim.P. 907.

Now, on PCRA appeal, Gordon raises numerous additional issues. Specifically, in the argument section of her brief, Gordon raises claims relating to the sufficiency of the evidence, evidentiary challenges, challenges to the jury charge, the trial judge's alleged violation of Gordon's constitutional rights, and a bald claim of appellate counsel's ineffectiveness for failing to file an

appeal.[3] However, none of these claims were raised in her PCRA petition, and her sufficiency claims have previously been raised on direct appeal. Accordingly, all of Gordon's claims on appeal are either waived and/or previously litigated. **See** Pa.R.A.P. 302(a) ("Issues not raised in the lower courts are waived and cannot be raised for the first time on appeal."); 42 Pa.C.S.A. § 9544(a) (issue previously litigated if highest appellate court in which petitioner could have had review as matter of right ruled on merits of issue). Thus, Gordon's PCRA petition was properly dismissed.

Order affirmed.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/27/18

---

[3] Gordon did, in fact, file a counseled direct appeal.